## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARK A. RICCIO,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-3443-18-0550-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: April 15, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark A. Riccio, Yorktown, Virginia, pro se.

Stephen O. Barlow, Ft. Eustis, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his nonselection appeal as withdrawn with prejudice to refiling. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision dismissing the appeal as withdrawn, and DISMISS the appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant is employed by the agency as an Operations and Training Officer, GS-0301-14. Initial Appeal File (IAF), Tab 5 at 11. He applied for a Senior Military Analyst position, GS-1301-15, under vacancy announcement number SCER171833321588. IAF, Tab 5 at 10. On November 3, 2017, the agency notified the appellant that it declined to select him for the position. *Id.*

The appellant filed an appeal of his nonselection. IAF, Tab 1 at 2. The administrative judge issued a comprehensive jurisdictional order, notifying the appellant that, generally, the Board lacks jurisdiction over nonselections, with the exception of six circumstances. IAF, Tab 3 at 1-5. She ordered the appellant to submit a response explaining why the Board had jurisdiction over his appeal. *Id.* at 5-6. Instead, the appellant requested to "withdraw [his] appeal reserving the right to re-file at a later date." IAF, Tab 6. The administrative judge informed the appellant that his voluntary withdrawal would be with prejudice, in that he would relinquish his right to refile his appeal. IAF, Tab 7 at 1-2. She ordered the appellant to indicate whether he still intended to withdraw his appeal and notified him that she would dismiss the appeal with prejudice to refiling if he did not respond to her order. *Id.* After the appellant failed to respond, the administrative judge issued an initial decision dismissing the appeal as withdrawn with prejudice. IAF, Tab 8, Initial Decision (ID) at 1-2.

The appellant has filed a petition for review, essentially arguing that he was unable to proceed below for medical reasons and contesting the merits of his nonselection for a promotion. Petition for Review (PFR) File, Tab 1 at 1-2.[2]

_____

[2] The appellant submits several documents on review. PFR File, Tab 1 at 3-5, Tab 5 at 5-28. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Additionally, such evidence must be material, i.e., the party filing the petition for review must show that it is of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The letters from his physician and prospective counsel and the "Army Campaign Plan 2019+" are dated prior to the initial

The agency has filed a response to the appellant's petition for review, to which the appellant has filed a reply. PFR File, Tabs 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred in dismissing the appeal as withdrawn.</u>

An appellant's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction. *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 7 (2010). A voluntary withdrawal must be clear, decisive, and unequivocal. *Id.*

In dismissing the appeal as withdrawn with prejudice, the administrative judge reasoned that, based on the appellant's withdrawal request and his failure to respond to her order, he manifested a clear and unequivocal intent to withdraw his appeal. ID at 2. We disagree. The appellant's withdrawal request was predicated on the belief that he could refile his appeal, showing that he did not understand that withdrawal was an act of finality. IAF, Tab 6 at 1; *see Rose v. U.S. Postal Service*, 106 M.S.P.R. 611, ¶ 12 (2007) (finding that the appellant's request to withdraw was not unequivocal when he based his withdrawal on certain conditions). Further, the appellant took no affirmative action indicating his intent to withdraw his appeal with prejudice. Under these circumstances, and considering the appellant's pro se status, we find that the appellant's failure to respond to a single order is not the kind of clear, unequivocal, and decisive action necessary to effectuate the withdrawal of an appeal. *See Ramos v. Office of Personnel Management*, 82 M.S.P.R. 65, ¶ 7 (1999) (finding that the appellant's

decision's issuance. PFR File, Tab 1 at 3-5; ID at 1. The appellant has not explained why he was unable to submit them below; therefore, we do not consider them. As to the Equal Employment Opportunity (EEO) declaration that he submitted in support of a coworker's EEO complaint and July and August 2018 versions of the Army strategic plan, those are dated after the issuance of the initial decision, but are not material to the outstanding jurisdictional issue. PFR File, Tab 5 at 5-10, 27-28; *see Russo*, 3 M.S.P.R. at 349. Finally, regarding the letters from October 2017 to March 2018, the appellant submitted them into the record below, and they are not new. IAF, Tab 1 at 19-34; PFR File, Tab 5 at 11-26; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new).

mere acquiescence to statements made by the administrative judge were not the kind of clear and unequivocal statement necessary to effect a withdrawal). Accordingly, we find that the administrative judge erred in dismissing the appeal as withdrawn with prejudice to refiling and vacate the initial decision.[3]

The appeal is dismissed for lack of jurisdiction.

The Board generally lacks jurisdiction over an employee's nonselection for a position. *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007). Despite the general lack of jurisdiction, however, an employee may appeal his nonselection by other statutory means, such as under the Veterans Employment Opportunities Act, under the Uniformed Services Employment and Reemployment Rights Act, through an individual right of action appeal if he claims retaliation for whistleblowing; or regulatory means, such as by raising an employment practices or a negative suitability determination claim. *See id.*, ¶¶ 5-6, 9, 12; 5 C.F.R. § 300.104(a) (providing Board jurisdiction over employment practice claims); 5 C.F.R. § 731.501(a) (providing Board jurisdiction over negative suitability determinations).

The administrative judge informed the appellant that the Board may not have jurisdiction over his appeal and apprised him of the burdens of proving jurisdiction over a nonselection action. IAF, Tab 3 at 1-5. The appellant has not alleged, in his pleadings submitted below or on review, that his nonselection fell under any of the aforementioned exceptions. PFR File, Tab 1 at 1-2, Tab 5 at 2-4; IAF, Tab 1 at 2, Tab 6. Rather, his arguments focus on the merits of his nonselection and his displeasure with the agency's investigation into the selection process, allegations over which the Board lacks jurisdiction. PFR File, Tab 1 at 1-2, Tab 5 at 2-4; IAF, Tab 1 at 2, Tab 6; *see Becker*, 107 M.S.P.R. 327, ¶ 5. Accordingly, we dismiss the appeal for lack of jurisdiction.

---

[3] Based on the above finding, we do not consider the appellant's remaining arguments challenging the administrative judge's decision to dismiss his appeal as withdrawn. PFR File, Tab 1 at 1-2.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims

only, excluding all other issues, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.